JOHN T. DUROSS and BERNARD F. DUROSS, d. b., *vs.*, HARRY F. HOBSON, p. b.

*Justice of Peace—Statute—Direct and Immediate Injuries ; Action for—Injuries Consequential.*

1. The statute, *Chapter 100, Revised Code, 767*, gives jurisdiction to justices of the peace of actions of trespass for injuries that are direct and immediate, but not for those that are consequential.

2. An injury caused to the clover and timothy upon plaintiff's land by leaving portions of the wheat crop upon the land, and by permitting the wheat crop to remain exposed to the weather so that the straw to which the plaintiff was entitled was damaged, are not such injuries as are direct and immediate within the meaning of said statute.

*(December 21, 1901.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Julian C. Walker* for plaintiff in error.

*J. Harvey Whiteman* for defendant in error.

Superior Court, New Castle County, November Term, 1901.

CERTIORARI (No. 61, November Term, 1901).

This was an action before a Justice of the Peace for direct and immediate injuries to real property under the statute, (*Chapter 100, Rev. Code (1893), 767*), which provides:

"Section 1. Justices of the peace shall severally, within their respective counties, have jurisdiction of actions of trespass * * * for direct and immediate injuries, for taking and carrying away, destroying or damaging goods or chattels, and for direct and imme- diate injuries to real property." * * *

"Section 3. Before the summons is issued the plaintiff shall

file a written statement under hand describing the injury com-
plained of."   *   *   *

Under said section the plaintiff filed the following statement:

"The plaintiff in the above stated case files the following
written statement, descriptive of the injuries complained of: The
defendants being purchasers of a wheat crop grown upon plaiutiff's
farm, said wheat crop being sown by a way-going tenant, entered
upon said premises to harvest said crop, and conducted themselves
in such an *unfarmerlike manner* by leaving portions of the said
wheat crop upon the plaintiff's land, thereby killing the clover and
timothy grass, to the damage of the plaintiff of forty dollars . and
by permitting the wheat crop to remain exposed to the weather, so
that the straw, to which the plaintiff was entitled, was damaged to
the extent of forty dollars, being an aggregate of eighty dollars'
damage.   The defendants, by virtue of this misconduct, becoming
trespassers *ab initio*."

Among the exceptions filed by the plaintiff in error was the
following;

"The record shows by the statement filed by the plaintiff in
this case, as required by the statute, that the injury complained of
is clearly indirect, and not direct and immediate, and also that the
damage complained of is clearly consequential, and not immediate
and direct, as required by the statute, and is therefore clearly not
within the jurisdiction of the Justice of the Peace."

*Julian C. Walker for plaintiff in error :*

Justices of the Peace have jurisdiction only of such cases of
trespass as are for a direct and immediate injury to property.
   *Hawthorn vs. McGuire, 1 Harr., 530 ; Guenford et. al., vs•
Loose, 5 Houst., 596.*
   An  injury is considered as direct and immediate when the act

complained of itself, and not merely a consequence of that act, occasions the injury.

*1 Chitty Pl., 142; Leame vs. Bray, 3 East, 593, (K. B. 286, May 21, 1893.*

Where there is no act done, but merely an omission, or where the act is not immediately injorious, but only by consequence and collaterally, there no action of trespass will lie, but an action on the case for the damages consequent on such omission or act.

*3 Blackst. Comm., 123; 1 Chitty Pl., 142, 147; Averill vs. Smith, 17 Wallace (U. S.), 91; Leame vs. Bray, 3 East., 593 (K. B. 286—May 21, 1803).*

It is a settled law that a mere nonfeasance does not amount to such an abuse of authority as will render the party a trespasser *ab initio.*

*Averill vs. Smith, 17 Wallace (U. S.) 91; Leame vs. Bray, 3 East., 593 (K. B. 286—May 21, 1803).*

LORE, C. J.:—There is no question that these damages were consequential.

Let the judgment below be reversed.